USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-10-25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YESSIKA MURGA,

                    Plaintiff,

           -against-                                  25-cv-1689 (LAK)

EQUITY ONE (NORTHEAST PORTFOLIO), INC., et ano.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        By order dated February 28, 2025, the Court drew attention to the fact that the notice of removal in this case, which purportedly rested on diversity of citizenship, failed adequately to allege the citizenship of the plaintiff and of the partnership defendant and noted that the action would be remanded to the state court unless an amended notice of removal curing these deficiencies was filed by a date certain.

        Defendants filed an amended notice of removal which cured the defect in the allegation of the citizenship of the partnership. The amended notice, however, did not cure the failure to allege that plaintiff was a citizen of New York and of the United States. This is so despite the fact that the February 28 order, in pointing out that the original notice of removal did not adequately allege plaintiff's citizenship, cited *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377 (1904), and *Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc .,* 87 F.3d 44 (2d Cir. 1996), both of which make quite clear that an allegation of residence alone is not a sufficient allegation of citizenship. *Sun Publishing,* 194 U.S. at 382-83 ("Had the transcript shown nothing more as to the citizenship of Edwards than the averment of the complaint that he was a 'resident of the State of Delaware,' . . . such an averment would not necessarily have imported that Edwards was a citizen of Delaware" because it would not necessarily have meant that he was domiciled in Delaware and a U.S. citizen); *Leveraged Leasing,* 87 F.3d at 47 ("It is also clear that a statement of the parties' residence is insufficient to establish their citizenship.").

        Accordingly, this action is remanded to the court from which it was removed for lack of subject matter jurisdiction and hence of removability.

        SO ORDERED.

Dated:        March 10, 2025

                                                  Lewis A. Kaplan
                                        United States District Judge